**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KAREEM JAMES,**

    **Plaintiff,**

**v.**                                                       **Case No:**

**MERRICK BANK,**

    **Defendant.**                         **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **KAREEM JAMES** ("Mr. James" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **MERRICK BANK CORPORATION** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. James' Cellular Telephone after Mr. James repeatedly demanded that Defendant's calls cease, which can reasonably be expected to harass Mr. James.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. James, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. James is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-3322 ("Mr. James' Cellular Telephone").

7. At all times material hereto, Defendant was and is an active bank with its principal place of business in the State of UT located at 10705 S Jordan gateway, Suite 200, South Jordan, UT 84095.

### *Statements of Fact*

8. Mr. James opened a credit card account with Defendant for his personal use ("Account").

9. Sometime thereafter, Mr. James lost his job and his mother fell severely ill, which caused Mr. James to fall behind on his monthly payments to Defendant and incur an outstanding balance owed on the Account ("Debt").

10. In or around December of 2017, Defendant began placing calls to Mr. James' Cellular Telephone in attempts to collect the Debt.

11. In or around January of 2018, Mr. James spoke with a representative of Defendant and repeatedly demanded that Defendant stop calling his Cellular Telephone.

12. During one such call, Mr. James spoke to a manager of Defendant and explained that he lost his job and could not afford to pay Defendant at that time, and demanded that Defendant's calls stop.

13. Despite Mr. James' repeated demands, Defendant continued to place calls to Mr. James' Cellular Telephone in attempts to collect the Debt.

14. Defendant called Mr. James' Cellular Telephone at least one hundred (100) times during the time period between January 2018 and the present.

15. Defendant called Mr. James's Cellular Telephone from several different telephone numbers, including, but not limited to: 866-529-9848, 866-523-9144, 866-563-9144, and 877-487-5597.

16. All of Defendant's calls to Mr. James' Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

17. Mr. James re-alleges paragraphs 1-16 and incorporates the same herein by reference.

18. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

> telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

19. Mr. James revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around January of 2018 when he expressly told Defendant to stop calling him.

20. Mr. James revoked consent a second time when he spoke to a manager of Defendant and explained that he lost his job and his mother was diagnosed with cancer and that Mr. James could not afford to pay the Debt at that time.

21. Despite Mr. James' repeated revocation of consent, Defendant thereafter called Mr. James' Cellular Telephone at least one hundred (100) times.

22. Defendant did not place any emergency calls to Mr. James' Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. James' Cellular Telephone.

24. Mr. James knew that Defendant called Mr. James' Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

25. Mr. James knew that Defendant called Mr. James' Cellular Telephone using a prerecorded voice because Defendant left Mr. James at least one voicemail using a prerecorded voice.

26. Defendant used an ATDS when it placed at least one call to Mr. James' Cellular Telephone.

27. Defendant used an ATDS when it placed at least twenty calls to Mr. James' Cellular Telephone.

28. Defendant used an ATDS when it placed at least fifty calls to Mr. James' Cellular Telephone.

29. Defendant used an ATDS when it placed at least one hundred calls to Mr. James' Cellular Telephone.

30. Defendant used an ATDS when it placed all calls to Mr. James' Cellular Telephone.

31. At least one call that Defendant placed to Mr. James' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Mr. James' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Mr. James' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Mr. James' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Mr. James' Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Mr. James.

37. Defendant has recorded more than one conversation with Mr. James.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. James, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. James' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the called cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. James, despite individuals like Mr. James revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. James' Cellular Telephone.

42. Defendant's phone calls harmed Mr. James by trespassing upon and interfering with Mr. James' rights and interests in his Cellular Telephone line.

43. Defendant's phone calls harmed Mr. James by causing him emotional distress.

44. Defendant's phone calls harmed Mr. James by causing him to lose sleep.

45. Defendant's phone calls harmed Mr. James by wasting his time.

46. Defendant's phone calls harmed Mr. James by causing him intense anxiety.

47. Defendant's phone calls harmed Mr. James by being a nuisance and causing him aggravation.

48. Defendant's phone calls harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

49. Defendant's phone calls harmed Mr. James by invading his privacy.

50. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

51. Mr. James re-alleges paragraphs 1-16 and incorporates the same herein by reference.

52. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. James' Cellular Telephone despite Mr. James' repeated demands that Defendant cease its calls, which can reasonably be expected to harass Mr. James.

53. As a result of the above violations of the FCCPA, Mr. James has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

54. Defendant's actions harmed Mr. James by trespassing upon and interfering with Mr. James' rights and interests in his Cellular Telephone line.

55. Defendant's actions harmed Mr. James by causing him emotional distress.

56. Defendant's actions harmed Mr. James by causing him to lose sleep.

57. Defendant's actions harmed Mr. James by wasting his time.

58. Defendant's actions harmed Mr. James by causing him intense anxiety.

59. Defendant's actions harmed Mr. James by being a nuisance and causing him aggravation.

60. Defendant's actions harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

61. Defendant's actions harmed Mr. James by invading his privacy.

62. It has been necessary for Mr. James to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

63. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

Case 8:18-cv-01286-EAK-TGW Document 1 Filed 05/29/18 Page 9 of 9 PageID 9

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, **KAREEM JAMES**, demands a trial by jury on all issues so triable.

Respectfully submitted this **May 25, 2018**,

>  */s/ Michael A. Ziegler*
>  Michael A. Ziegler, Esq.
>  Florida Bar No. 74864
>  mike@zieglerlawoffice.com
>
>  Kaelyn Steinkraus, Esq.
>  Florida Bar No. 125132
>  kaelyn@zieglerlawoffice.com
>
>  Law Office of Michael A. Ziegler, P.L.
>  13575 58th Street North, Suite 129
>  Clearwater, FL 33760
>  (p) (727) 538-4188
>  (f) (727) 362-4778
>  Attorneys and Trial Counsel for Plaintiff